IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-HC-2104-FL

| | |
|---|---|
| MICHAEL ORLANDO COOK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| GEORGE T. SOLOMON, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter comes before the court on respondent's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 15), which was fully briefed. Also before the court is petitioner's motion to amend his response to respondent's motion to dismiss (DE 20). Respondent did not respond to petitioner's motion. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants both motions.

**STATEMENT OF CASE**

On February 13, 2007, petitioner was convicted in the Cumberland County Superior Court of the following: (1) first-degree kidnaping; (2) five counts of second-degree kidnaping; (3) five counts of robbery with a dangerous weapon; (4) assault with a deadly weapon with the intent to kill inflicting serious injury; (5) felony speeding to elude arrest; and (6) resisting, delaying, or obstructing a public officer. See State v. Cook, No. COA07-1096, 2008 WL 2096786, at *1 (2008). The superior court arrested judgment on the charge of resisting arrest, delaying, or obstructing a

public officer. The superior court then sentenced petitioner to an aggregate term of 733-1690 months imprisonment. (Resp't's Mem. Ex. 4, p. 10).

Petitioner subsequently filed a notice of appeal to the North Carolina Court of Appeals. Cook, 2008 WL 2096786, at *1. On May 20, 2008, the court of appeals issued an opinion finding no error, and the North Carolina Supreme Court then denied petitioner's petition for a writ of discretionary review on August 28, 2008. Id.; State v. Cook, 666 S.E.2d 761 (2008); (Resp't's Mem. Ex. 2). On September 5, 2014,[1] petitioner filed a *pro se* motion for appropriate relief ("MAR") in the superior court, which was summarily denied on October 24, 2014. (Resp't's Mem. Exs. 6, 7). On December 1, 2014, petitioner filed a *pro se* petition for a writ of certiorari with the North Carolina Court of Appeals, which was denied on December 17, 2014. (Id. Ex. 8, 10). On January 9, 2015, petitioner filed a *pro se* petition for discretionary review in the supreme court seeking review of the court of appeal's December 17, 2014, order. (Id. Ex. 11). On March 5, 2015, the supreme court dismissed the petition for discretionary review. (Id. Ex. 12).

On March 25, 2015, petitioner filed a *pro se* pleading captioned "Motion to Locate and Preserve Evidence and Motion for Post-Conviction [deoxyribonucleic acid ("DNA")] Testing" in the superior court. (Id. Ex. 13). On October 28, 2015, the superior court denied petitioner's motion, and stated that "the Clerk of Superior Court has checked the evidence that was retained per Statute and has reported that there is no biological evidence being preserved." (Id. Ex. 14). The superior court further stated that "[t]he Fayetteville Police Department has reported that all evidence was

---

[1] Providing petitioner the benefit of the mailbox rule, the court deems his MAR, dated September 5, 2014, but filed on September 9, 2014, to be filed on September 9, 2014. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

retained by the Court following trial." (Id.) While petitioner's motion for DNA testing was pending, he filed a *pro se* "Motion to Amend and Motion for Appropriate Relief" in the superior court on October 22, 2015. (Id. Ex. 15). The motion was denied on December 1, 2015. (Id. Ex. 16). In the interim, petitioner filed two motions in the court of appeals–a *pro se* petition for a writ of certiorari on November 4, 2015, and a *pro se* motion to amend his certiorari petition on December 14, 2015. (Id. Exs. 17, 18). The court of appeals then denied petitioner certiorari petition on January 4, 2016. (Id. Ex. 20). In the interim, petitioner filed another *pro se* petition for a writ of certiorari in the court of appeals on December 18, 2015, which was denied on January 13, 2016. (Id. Exs. 21, 23).

On January 20, 2016, petitioner filed a *pro se* petition for discretionary review, petition for a writ of certiorari, and a subpoena duces tecum in the supreme court. (Id. Exs. 24, 25, 26). On February 8, 2016, petitioner also filed a *pro se* motion to amend his petition for discretionary review in the supreme court. (Id. Ex. 27). On March 17, 2016, the supreme court entered orders dismissing petitioner's petition for discretionary review, dismissing the subpoena duces tecum, allowing the motion to amend, and dismissing the amendment. (Id. Ex. 28).

On May 5, 2016, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raised the following claims in his § 2254 petition: (1) seven "trace tapings" were not tested for DNA; (2) petitioner had an alibi, yet law enforcement focused on him as a suspect;[2] (3) the photo array from which petitioner was identified was impermissibly suggestive;

---

[2] Petitioner labels this claim as one pursuant to Brady v. Maryland, 373 U.S. 83 (1963). The United States Supreme Court in Brady held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87. This claim, however, relates to petitioner's allegations regarding his alibi and not the suppression of

3

(4) a state's witness admitted at trial that several items collected from a victim's Toyota automobile were never tested for fingerprints or DNA; and (5) petitioner was not appointed counsel in conjunction with his post-conviction motion for DNA testing.

Respondent subsequently filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that petitioner's habeas petition should be dismissed because it was filed outside of the statute of limitations, and therefore is time-barred. Petitioner responded and subsequently filed a motion to amend his response. Respondent did not respond to petitioner's motion.

## DISCUSSION

A.   Motion to Amend Response

Petitioner seeks leave of court to amend his response to respondent's motion to dismiss. For good cause shown, petitioner's motion is GRANTED, and the court will consider petitioner's supplemental response.

B.   Motion to Dismiss

1.   Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled evidence.

facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotations omitted). On a motion to dismiss, courts "may properly take judicial notice of matters of public record." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

2. Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed . . .; C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The statutory period began to run in this case on the date petitioner's judgment became final. The North Carolina Court of Appeals entered an order finding no error on May 20, 2008, and the supreme court denied petitioner's motion for discretionary review on August 28, 2008. Petitioner

then had an additional 90 days to file a petition for a writ of certiorari in the United States Supreme Court. See Supreme Court Rule 13; Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court. Accordingly, petitioner's conviction became final on November 26, 2008, when his case became final for purposes of direct appellate review. The statute of limitations then began to run, and ran for 365 days until it expired on November 26, 2009.

Petitioner's September 5, 2014, MAR, and subsequent filings, did not operate to toll the running of the statutory period because under § 2244(d)(1) the statutory period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). Tolling is not permitted after the expiration of the statutory period. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000); Streater v. Beck, No. 3:05CV284-MU-02, 2006 WL 1877149, *2 (W.D.N.C. Jul. 6, 2006) ("[I]t is well settled that a . . . motion or petition [filed subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed, 207 F. App'x 271(4th Cir. 2006). Petitioner's March 25, 2015, motion for postconviction DNA testing, likewise, did not reopen his time for filing a habeas petition. See Minter, 230 F.3d at 665; see also Ross v. Ball, No. 1:12CV292, 2013 WL 718456, at *2 (M.D.N.C. Feb. 27, 2013) (stating that filings made after the limitations period, including a motion for DNA testing, do not revive or restart the limitations period), appeal dismissed, 564 F. App'x 1 (4th Cir. 2014).

To the extent petitioner argues that he is entitled to belated commencement of the limitation period under § 2244(d)(1)(D), this contention is meritless. The statute of limitation period is

triggered pursuant to § 2244(d)(1)(D) on the date which the exercise of due diligence would have led the petitioner to discover the factual predicate of his claim. Green v. Johnson, 515 F.3d 290, 305 (4th Cir. 2008) (citing Wade v. Robinson, 327 F.3d 328, 331 (4th Cir. 2003)). In evaluating a petitioner's diligence, a court must consider that the "statute's clear policy calls for promptness." Johnson v. United States, 544 U.S. 295, 311 (2005). Here, petitioner was aware of the factual predicate of his first four claims at the time of trial. As for his fifth claim regarding the alleged failure to appointment counsel for DNA testing, petitioner has not set forth any facts demonstrating that he exercised due diligence in discovering this claim.[3] Therefore, § 2244(d)(1)(D) does not provide the starting date for the period of limitation.

As a defense to the running of the statute of limitations, petitioner asserts that he is actually innocent of the instant crimes for which he was convicted. The Supreme Court recognized in McQuiggin v. Perkins, ___ U.S. ___, ___, 133 S.Ct. 1924, 1928 (2013), an actual innocence exception to AEDPA's time limitations. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995); see McQuiggin, 133 S. Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Further, "claims of actual innocence are rarely successful," Schlup, 513 U.S. at 324, and "should not be granted casually." Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998).

---

[3] The court notes that this claim is meritless because there is no constitutional right to the appointment of counsel on state post-conviction review. Martinez v. Ryan, __U.S.__, 132 S. Ct. 1309, 1319-1320 (2012).

7

In support of his actual innocence claim, petitioner primarily relies upon seven "trace tapings" collected from the inside of a victim's Toyota Camry, which were not DNA tested. (TR pp. 840, 887, 895). Petitioner knew at the time of trial that the "trace tapings" had not been DNA tested, and the issue was raised at trial. (Id. pp. 895-901). Petitioner has not presented any justifiable explanation for his nearly eight-year delay in raising his post-conviction claim related to DNA testing. Moreover, petitioner's own self-serving and belated protests of innocence are not sufficient to satisfy the standard set forth in McQuiggin. See McQuiggin, 133 S.Ct. at 1935 ("Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing" that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."); see also Ross, 2013 WL 718456, at *2 (M.D.N.C. Feb. 27, 2013). Based upon the foregoing, petitioner's actual innocence claim does not excuse the untimely filing of this § 2254 petition, and petitioner's action is time-barred.

C.      Challenge Pursuant to 42 U.S.C. § 1983

Petitioner, in response to respondent's motion for summary judgment, appears to allege a civil rights claim pursuant to 42 U.S.C. § 1983 based upon the North Carolina Court of Appeal's denial of his motion for DNA testing. (See (DE 20)). The court declines to address this new claim because it was not properly raised in this action and because a § 1983 claim is not cognizable in a habeas petition. See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); see also, Miles v. Owen, No. 4:12–998–MGL, 2013 WL 227766, at *2 (D.S.C. Jan. 22, 2013) ("The Court . . . declines to address Petitioner's new claims which he raises for the first time in his response and sur-reply. To the extent that Petitioner's response in opposition to the motion to dismiss presents issues and claims not

contained in his Petition, these claims are not properly before the court."). Accordingly, the court DISMISSES petitioner's claims pursuant to § 1983 without prejudice.

D.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, "the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.' " Buck v. Davis, No. 15-8049, 2017 WL 685534, at *11 (Feb. 22, 2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003)); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry,

9

and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the court rules as follows:

(1) Petitioner's motion to amend his response (DE 20) is GRANTED;

(2) Respondent's motion to dismiss (DE 15) is GRANTED. Any new claims raised pursuant to § 1983 are DISMISSED without prejudice. The clerk of court is DIRECTED to send petitioner the civil rights packages;

(3) The certificate of appealability is DENIED;

(3) The clerk is DIRECTED to close this case.

SO ORDERED, this the 1st day of June, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge